**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000646
29-MAY-2025
07:51 AM
Dkt. 38 SO**

NO. CAAP-24-0000646

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF J.F.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. FC-S 22-0002K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka, and McCullen, JJ.)

Respondent-Appellant J.F. (**Father**) appeals from the September 25, 2024 Order On Father's Motion To Protect His Due Process Rights to an Adjudication Hearing and/or Motion to Dismiss and/or Withdrawal of Agreement to Stipulated Order (cleaned up) (**Order re Motion to Protect**) entered by the Family Court of the Third Circuit (**Family Court**).[1]

On February 22, 2022, Petitioner-Appellee Department of Human Services (**DHS**) filed a Petition for Foster Custody concerning a teenage child (**Child**). Father requested an adjudication hearing. The Family Court took evidence on three hearing dates, but there were numerous continuances due to unresolved discovery issues and motions. Before the adjudication

_____

[1] The Honorable Joanna E. Sokolow presided.

hearing was completed, the parties notified the Family Court that they had reached a settlement. On June 20, 2024, a stipulation and order (**Stipulated Order**) was agreed to by DHS, Mother, Father, the Guardian Ad Litem for Child, and Child, and approved by the Family Court, and the adjudication hearing was terminated. At that point, Child had been in foster custody for over two years and was approaching the age of majority. The Stipulated Order was an agreement to terminate a claim of abuse that remained disputed, and included a determination that the termination of the Family Court's jurisdiction and the dismissal of the case was in the best interest of Child.

On July 5, 2024, Father filed a Motion to Protect his Due Process Rights to an Adjudication Hearing and/or Motion to Dismiss and/or Withdrawal of Agreement to Stipulated Order (**Motion to Protect**). In the Motion to Protect, Father sought to withdraw his agreement to the Stipulated Order and to have a hearing to dispute the confirmation of threat of abuse set forth in DHS's February 22, 2022 Safe Family Home Report. The motion was denied and Father filed a notice of appeal.

Although represented by counsel, Father's Opening Brief is woefully noncompliant with Rule 11 of the Rules Expediting Child Protective Appeals (**RECPA**). The Opening Brief does not contain any references to the record on appeal or transcripts, does not indicate where evidence in support of any asserted fact is located in the record, and does not state points of error that include reference to the part of the record where the alleged error occurred and was preserved. RECPA Rule 11(a)(2),(3).

Nonetheless, we address Father's points of error to the extent we are able to discern them.

Father raises two points of error on appeal, contending that: (1) the Family Court erred in denying his motion to withdraw a default when an initial temporary restraining order (**TRO**) was entered against him; and (2) the Family Court and/or DHS violated Father's due process rights.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Father's points of error as follows:

(1) Father argues that the Family Court erred in denying a motion concerning a default with respect to a TRO. As noted above, Father provides no record cites – or even filing dates – for the purported default, TRO, or motion. It appears that this argument may be in reference to another case or that Father is otherwise misidentifying the challenged order. There is no discernable support for Father's request for relief and we conclude that the first point of error is without merit.

(2) Father argues that the Family Court and/or DHS violated his due process rights by failing to ensure proper notice of the threat of abuse findings by DHS, denying him a meaningful opportunity to be heard and present evidence, and allowing the maintenance of findings regarding "Child A, E and G" after determining none of the children had ever been abused or witnessed any abuse. It appears that DHS's petition for temporary foster custody in this case only pertained to Child.

The Stipulated Order states that completion of the adjudication hearing would require court hearings beyond Child reaching the age of majority, and it was in the best interest of the Child to terminate jurisdiction and dismiss the petition.  Father points to no evidence to the contrary.

Father argues that Hawaiʻi courts allow stipulated orders to be set aside where there is a showing of mistake, inadvertence, surprise, or excusable neglect.  These arguments were not made in the Motion to Protect, and are therefore waived.[2]  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) 28(b)(4); see also, e.g., Cnty. of Haw. v. C & J Coupe Fam. Ltd. P'ship, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.") (quoting State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003)).

Upon review, it appears that Father's further arguments, including his due process arguments, are raised for the first time on appeal and are wholly without merit.  Father was represented by counsel from July 13, 2022, and the Stipulated Order was entered on June 20, 2024, with Father present and represented by counsel.  The record reflects that, through counsel, Father engaged in discovery and filed motions, including motions filed after Father's adjudication hearing began, which interrupted the adjudication hearing.  There is no support for

---

[2]     Further, we note that the Motion to Protect was not supported by a declaration averring mistake, inadvertence, surprise, or excusable neglect. The Stipulated Order was not entered into by default.

Father's arguments that he did not receive due process. Father's arguments do not support Father's request that the Order re Motion to Protect be reversed. We conclude that the Family Court did not abuse its discretion in denying the Motion to Protect.

For these reasons, the Family Court's September 25, 2024 Order re Motion to Protect is affirmed.

DATED: Honolulu, Hawai'i, May 29, 2025.

On the briefs:

Susan Regeimbal,
for Respondent-Appellant.

Kurt J. Shimamoto,
Julio C. Herrera,
Ian T. Tsuda,
Regina Anne M. Shimada,
Deputy Attorneys General,
Department of the Attorney General,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge